**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50275
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-623-1
--------------------

Before JONES, Chief Judge, and DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Rodriguez appeals his conditional guilty plea conviction for possession of cocaine with the intent to distribute. He asserts that the district court erred in denying his motion to suppress evidence seized during a traffic stop. Because the officer had probable cause to believe a traffic violation was occurring, the initial stop of Rodriguez's vehicle was reasonable. See Whren v. United States, 517 U.S. 806, 810 (1996). Because the officer had not finished writing out the warning when he questioned

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez and requested consent to search the vehicle, Rodriguez was not improperly detained beyond the scope of the initial stop. See Florida v. Royer, 460 U.S. 491, 500 (1983). The questions asked of Rodriguez were permissible. See United States v. Brigham, 382 F.3d 500, 507-08 (5th Cir. 2004)(en banc).

Rodriguez has not established that the district court's finding that his consent was voluntary was clearly erroneous. See United States v. Dortch, 199 F.3d 193, 201 (5th Cir. 1999). Because Rodriguez was subject to a traffic stop, the officer was not required to provide him with the warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), before questioning Rodriguez and asking for consent to search the vehicle. See Berkemer v. McCarty, 468 U.S. 420, 438-40 (1984). Rodriguez's assertion that the district court improperly revived the "silver platter" doctrine is misplaced. Cf. Elkins v. United States, 364 U.S. 206, 212-13 (1960). Likewise, his assertion that the district court should have applied Texas law to determine whether consent to search was validly given is improper. See id. at 224. Because Rodriguez has not established that the district court erred in denying the motion to suppress, the judgment of conviction is AFFIRMED.